Davis, Federal Agent, *et al. v.* Hambrick, *et al.*

[88 South. 511, No. 21829.]

Waters and Water Courses. *Evidence held insufficient to sustain judgment against railroad company for flooding lands by filling in trestle.*

In a suit against a railroad company for damages to growing crops caused by filling in a portion of a trestle over a stream and thereby obstructing the flow of the flood waters of the stream, so as to cause the waters to be impounded on the lands of plaintiff to an increased depth, and to remain on the land longer than they would if the trestle had not been filled, where the undisputed testimony shows that there was an excessive rainfall and several extraordinary overflows, which flooded the entire valley of the stream, both above and below the railroad embankment, a judgment for plaintiff will be reversed, where there is no testimony which would enable the jury to separate the damages attributable to the wrongful act of the railroad company from that caused by the excessive rains on the crops and the consequent flooding of the land independent of the trestle.

Appeal from circuit of Lee county.

Hon. C. P. Long, Judge.

Separate actions by A. C. Hambrick and Will Perry and by said Hambrick and Sam Westmoreland against James C. Davis, Federal Agent, and the Mobile & Ohio Railroad Company. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

*J. M. Boone* and *W. D. Anderson,* for appellants.

*Rankin & Finley,* for appellees.

No brief found in the record for either side.

WILLIAM H. COOK, J., delivered the opinion of the court.

A. C. Hambrick was the owner of certain lands situated in Town Creek valley, in Lee county, and the track of the Mobile & Ohio Railroad crosses this valley. The railroad track runs north and south, and at the place where it crosses Town Creek there was formerly a trestle about three hundred feet long; but in May, 1919, the railroad company filled in more than two hundred feet of this trestle. During the year 1919 Will Perry and Sam Westmoreland were tenants on Hambrick's land, and each cultivated about twelve acres of the land which was west of the railroad track. Hambrick and Perry instituted a suit for damages against the Mobile & Ohio Railroad Company and the Director General of Railroads, averring that there was a natural drainage of the land west of the railroad towards the southeast and under this trestle over the channel of Town creek, and that on account of the filling in of this trestle the natural flow of the waters under the trestle was so obstructed as to cause the water to be impounded upon the lands of plaintiffs, and as a consequence the crops growing on the land were injured and destroyed. Hambrick and Sam Westmoreland also filed a similar suit for damages done to the crops being grown by Westmoreland, and the two suits were, by agreement, tried before the same jury, with instructions to the jury to return separate verdicts in each case; the testimony in each case being the same. There was a verdict for plaintiffs for five hundred and forty-seven dollars in each case, and by appeal the two cases are before this court upon the same record.

It appears from the testimony of all the witnesses that, during the fall of 1919, at which time it is alleged that plaintiffs' crops were damaged, there was an excessive rainfall, and several unusual, if not unprecedented, overflows and that the entire Town Creek valley, both east and west of the railroad, was overflowed to a considerable depth at the time of these several floods. It appears from the undisputed testimony that plaintiffs'

land in this valley would have been submerged by these several overflows if the trestle had not been partially filled, but it is contended, and there is testimony to the effect, that on account of the partial filling of this trestle the depth of the water on the west side of the railroad was increased, and the water was caused to stand on the land longer than it would if the trestle had not been so filled, and that as a consequence there was damage to the crops which was attributable directly to this act of appellant railroad company.

Under this testimony we think it was proper to submit to the jury the question of the amount of damages, if any, properly attributable to the act of appellant in partially closing the opening under the railroad track, and the instructions granted defendant properly limited the right of recovery to this damage. However, the testimony offered by appellees wholly failed to furnish any basis which would enable the jury to separate the damage caused directly by filling the trestle from that caused by the excessive rains during the harvesting period, and the consequent flooding of the land independent of the trestle. Upon the question of damages appellees offered evidence showing the amount of cotton and corn which was estimated to be growing on the land when the rains started, and also proved the market value of such products. No effort was made to prove the value of the unharvested crops, or the amount of damage attributable to the negligent act of appellants; but this was left entirely to speculation. For this reason, the judgment in each case is reversed, and the cause remanded.

*Reversed and remanded.*